Alston v Howard (2025 NY Slip Op 51477(U))

[*1]

Alston v Howard

2025 NY Slip Op 51477(U)

Decided on September 19, 2025

City Court Of Utica, Oneida County

Bannister, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 19, 2025
City Court of Utica, Oneida County

Fetimah Alston, Plaintiff,

against
Travon Howard, Defendants.

Index No. SC-000072-25

FETIMAH ALSTON
SELF-REPRESENTED LITIGANT
TRAVON HOWARD
SELF-REPRESENTED LITIGANT

Joshua P. Bannister, J.

Petitioner filed this small claim on May 20, 2025. Mr. Howard filed a counterclaim on June 13, 2025. Due to various parties defaulting on various dates for reasons excused by the court, the matter proceeded to trial on September 19, 2025. 
The matter proceeded to trial on September 19, 2025. The Court heard the testimony of the parties, assessed their credibility, reviewed the evidence, and assigned the evidence its appropriate weight.
The facts are straightforward. Mr. Howard in his own personal capacity leased a vehicle to Ms. Alston who remained on Mr. Howard's insurance because she had a learner's permit. Ms. Alston was involved in at least one car accident that was reported to and paid by Mr. Howard's insurance.
Mr. Howard seeks recovery for Ms. Alston breaching the contract, his out-of-pocket expenses relating to the insurance deductible, and continued payments on the vehicle. Personal Property Law section 337 has several requirements with which the contract is deficient: a disclosure regarding the Consumer Leasing Act of 1976 as required in subsection [5][a]; a provision that the lessee has a right to terminate the agreement within 50% of the contract term as required in subsection [5][g]; a notice that the lessee should read the contract before signing and has a right to get a signed copy as required by subsection [2][c]; and that the agreement should be called a "motor vehicle lease agreement" as required by subsection [2][a].
Mr. Howard admitted to using self-help to repossess the vehicle. Although the contract seems to allow for self help and breaches of the peace, that provision is void pursuant to [*2]Personal Property Law section 337[14][c]. Mr. Howard did not know if he "immediately" notified law enforcement of the repossession as required by Vehicle and Traffic Law section 425, but admits he notified them the say day. Mr. Howard also admitted he did not provide a written notice to redeem required by Personal Property Law section 316 and General Obligations Law section 7-701
The Court finds the testimony of Ms. Alston credible that she paid a $2,000 down payment, an insurance payment, and the equivalent of two monthly payments. The Court further finds that she received the benefits of the monthly principal and insurance payments. The Court further finds that the Mr. Howard's contract is unlawful and predatory under New York Law and declines to award him damages that resulted from this unlawful contract. Although this issue is not before the Court, it seems unlikely Mr. Howard's insurance provider would approve of him in engaging in lease agreements on his private insurance policy.
The Court believes substantial justice would be achieved by requiring the return of the $2,000 deposit to Ms. Alston. The Court declines to award the damages claimed by Mr. Howard due to the predatory nature of his business practices. The Court further declines to award consequential damages to Ms. Alston for lost use of the vehicle because she shouldn't have been driving and would have to incur those expenses anyways.
Order
Therefore, it is hereby ORDERED:
1. Judgment in favor of Petitioner-Ms. Alston in the amount of $2,000;
2. The counterclaim filed by Mr. Howard is hereby dismissed.
This is the Decision and Order of the Court.
Dated: September 19, 2025
Utica, New York
Joshua P. Bannister
Acting Utica City Court Judge